IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MINERVA CARRERO OJEDA

Plaintiff

v.

MIGUEL CORDERO, ET AL

Defendants

CIVIL NO. 96-2297 (GG)

Taxation of Costs

**TAXATION OF COSTS**

Before the Clerk of the Court in the above-captioned case is defendants' unopposed Bill of Costs. (Docket No. 45).

On March 27, 1998, a summary judgment was entered dismissing the case in its entirety. (Docket No. 44). As prevailing party, defendants now seek recovery of the following items of costs: (1) transcription cost of depositions - $2,287.00; (2) fees for copies - $1,605.80; and (3) costs for certified translations - $1,894.00.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

Civil No. 96-2297 (GG)                                                                                          Page -2-

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Transcription Cost of Depositions.** Defendants seek recovery of $2,287.00 for the costs related to the taking of deposition of plaintiff Minerva Carrero Ojeda. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I.

2000); <u>Donnelly v. Rhode Island Board of Governors for Higher Education</u>, 946 F. Supp. 147, 151 (D.R.I. 1996).

The record shows that defendants used portions of plaintiff's deposition transcripts in connection with a successful motion for summary judgment. Therefor, the amount of $2,287.00 is hereby allowed.

**Fees for Copies.** Defendants seek recovery of $1,605.80 for exemplification and copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." <u>Davis</u>, 87 F. Supp. 2d at 88, citing <u>Grady v. Bunzl Packaging Supply Co.</u>, 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." <u>Davis</u>, 87 F. Supp. 2d at 88, citing <u>Piester v. IBM Corp.</u>, 1998 WL 1267929 at 2 (1st Cir. 1998).

Defendants allege that part of the documents copied were attached to their successful motion for summary judgment and the rest were prepared in anticipation of trial. In support of their claims, defendants submitted copy of the following invoices:

Civil No. 96-2297 (GG)                                                                 Page -4-

| Invoice No. | Description | Quantity | Price (10¢/copy) |
|---|---|---|---|
| 338375 | Motion for summary judgment | 698 | $   69.80 |
| 339303 | copy of evidence | 650 | 65.00 |
| 340424 | Transcription of Depositions: Vanessa Calderón and Victor Ruiz | 490 | 49.00 |
| 340449 | Reproduction of pre-trial exhibits | 14,430 | 1,443.00 |

Defendants may recover the amount of $69.80 for copies prepared in connection to their motion for summary judgment (Invoice No. 338375). Regarding the rest of the amounts claimed, defendants allege that since the trial was cancelled five (5) working days before the date scheduled for same, the documents copied in preparation for trial should be considered necessary for the case. Yet, defendants failed to: (1) identify which documents were photocopied (Invoices No. 339303 & 340449), and (2) explain why the documents copied were necessarily obtained for use in the case (Invoices No. 339303, 340424 & 340449). For the reasons stated herein, defendants may only recover $69.80 for exemplification and copies of documents.

**Translation of Documents.** Defendants seek recovery of $1,894.00 for the costs of translating certain documents. Local Rule 108.1 requires litigants to submit certified translation of any document not in the English language to be used as evidence. Reasonable costs of translating documents to comply with Local Rule 108.1 will be allowed if the documents are shown to be relevant to the litigation. See, Puerto Rico Ports Authority, 193 F.R.D. at 38. In the case at bar, the documents translated were used in connection with a successful motion for summary judgment. These expenses were relevant to the case, thus, the same are allowed as costs.

Civil No. 96-2297 (GG)                                                                 Page -5-

WHEREFORE, a total amount of $4,250.80 is taxed as costs to defendants in the above-captioned case. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days from receipt of this notification.

In San Juan, Puerto Rico, this 22nd day of August, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk